UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH F. ARDIS, 191278,

    Plaintiff,                                     Civil Action No. 18-CV-13264

vs.                                            HON. BERNARD A. FRIEDMAN

RAVINDRA POLAVARAPU,

    Defendant.
_____/

## **OPINION AND ORDER DISMISSING THE COMPLAINT**

This matter is presently before the Court on the Court's own review of the complaint. Plaintiff, a pro se prison inmate, alleges that in November or December 2017 defendant, a prison psychiatrist, "exchanged Plaintiff's medication to a different medication to increase the dosage." Compl. ¶ 8. The medication allegedly caused plaintiff "to experience severe stomach pains, difficulty holding down his food and unable [sic] to sleep." *Id.* ¶ 9. Plaintiff informed defendant, who told plaintiff "not to worry, it will go away." *Id.* ¶ 10. Plaintiff says that on December 7, 2017, he "had to be rushed to the [hospital] for acute chest pains, as a result of the medication." *Id.* ¶ 11. At the hospital, plaintiff says he was "informed that his pains were the result of his having pancreatis [sic] from the medication he was taking." *Id.* ¶ 12. Plaintiff claims that "[a]s a result of Plaintiff being prescribed the wrong medication by Defendant Polavarapu, he now suffers from the symtoms [sic] of having chronic pancreatitis disease." *Id.* ¶ 13. Based on these allegations, plaintiff claims that defendant was deliberately indifferent to his medical needs, in violation of his Eighth

Amendment rights. For relief, plaintiff seeks a declaratory judgment and damages.

The Court must dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Further, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

> Plaintiff's Eighth Amendment claim
>
> includes both objective and subjective components. First, the deprivation of Eighth Amendment rights must be "sufficiently serious" such that the prison officials' acts or omissions objectively result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the prison officials must have acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298, 111 S.Ct. 2321. In other words, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir.1997) (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Jarriett v. Wilson*, 162 F. App'x 394, 402 (6th Cir. 2005). However, no Eighth Amendment claim is stated when "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). Such disagreement with treatment may be grounds for asserting a tort claim under state law, but it "is not cognizable as a federal constitutional claim." *Id. See also McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Selby v. Martin*, 84 F. App'x 496, 499 (6th Cir. 2003); *Stevenson v. Corr. Med. Servs., Inc.*, No. 1:07CV213, 2009 WL 2488026, at *3 (W.D. Mich. Aug. 13, 2009).

In the present case, all plaintiff alleges is that defendant prescribed him a medication to which plaintiff reacted badly. This does not allege that defendant was deliberately indifferent to plaintiff's medical needs, but only that either the type of medication or the dosage caused plaintiff to experience negative side effects. While plaintiff conceivably may have a medical malpractice claim under these circumstances, he has no Eighth Amendment claim. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that plaintiff's application for leave to proceed in forma pauperis [docket entry 8] is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for substituted service [docket entry 9] is denied as moot.

IT IS FURTHER ORDERED that plaintiff may not proceed on appeal in forma pauperis, as any appeal from this decision would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 28, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2018.

s/Johnetta M. Curry-Williams  
Case Manager